Judge Owsly
delivered the Opinion of the Court on the Motions, for a re-hearing.
June 19.
The points to which the attention of the court has been invited by the petition for a rehearing, have again been considered, and the opinion formerly delivered is approved. When the case was before under advisement, the cases of McClary’s heirs against Lancaster, and Duke against Bruce, which are referred to in the petition, were recollected by the. court; and the opinion was then, and now is, understood not to adopt any principle inconsistent with any thing decided in either of those cases. According to each of those cases, there, can be no recovery by a person claiming through a deed of conveyance which has been executed by an agent acting under a limited authority, unless proof be made of those things having been done, upon *407 the happening of which the agent was authorized to make the deed of conveyance; and without controverting the correctness of that principle, but proceeding upon the assumption of its correctness, it was decided in the former opinion in these cases, that the evidence introduced on the trial, in the court below, went satisfactorily to prove, that in making the deed to Craig, the agent, Hughes, had not exceeded the power conferred upon him by the letter of attorney from O’Neal.
Held that the evidence was sufficient for the jury to infer the facts required to authorize the execution of the conveyance for the land in question.
If incompetent evidence be given to the Jury with out objection, which conduces to prove the facts necessary to admit in evidence a deed of conveyance, the deed shall be read, not withstanding the objections to it, unless the objection he extended to the introductory evidence.
*407 We have not deemed it necessary to again recapitulate the evidence from which that conclusion was drawn, but will content ourselves by remarking, that upon a review of the record, we are still satisfied that the evidence not only conduces to prove that the bond upon Young, which, by the letter of attorney, was to be assigned by Craig before Hughes was to make the deed of conveyance, was in fact, assigned previous to the time Hughes made the deed, but moreover, that the land described in the deed made by Hughes, is in truth, the land which, by the letter of attorney, he was authorized to convey to Craig. It was not said in the former opinion, nor is it designed now to say, that evidence more conclusive might not have been produced; but it is intended to say, that the evidence which was introduced is of a character, from which the jury might reasonably infer every fact necessary to a due and regular execution of the authority with which Hughes was intrusted by the letter of attorney from O’Neal; and that instead of excluding from the jury the deed made by Hughes, the court should have left it with them for their determination, upon the evidence which was introduced by the parties.
Whether or not the bill in equity and the bond to which reference is made by the letter of attorney as having been filed in the General Court, would have been better evidence than that which was introducted on the trial, of some of the facts which were necessary to be proved; and whether on account of that superior evidence not appearing to be out of the power of McConnell. &c. to produce, the evi *408 dence introduced by them, might not have been rejected. if it had been objected to by the heirs of Bowdry, are enquiries that we did not, when the case was formerly under advisement, nor do we now consider ourselves under any necessity to make, because we understand from Hie record, that no objections were taken in the court below to the competency of any evidence which was introduced, except that of the deed made by Hughes as the agent of O’Neal; and because we understand the objection to that deed, not to have been taken in that court on the ground of any incompetency of the other evidence, introduced to prove facts to which it. conduced to prove, but on the ground of that evidence not conducing to prove those things which were necessary to be proved, to authorize the deed from Hughes to be used in evidence. It was not until the evidence of both parties was all introduced, and not until instructions on points of law, growing out of facts proved, had been given to the jury, on the application of each party, that any question was made as to the admissibility of any part of the evidence; and we are unable to discover from any thing contained in the record, that, even then any sort of objection was taken to any part of the evidence, except the deed made by Hughes. Under these circumstances, therefore, we must presume, that by objecting to the deed, it was not intended to question the competency of any other evidence which had been received without objection and as no other evidence bat that, of the deed was excluded, we must infer, that in deciding upon the admissibility of the coed, the court were not governed by any supposed incompetecy of any other evidence. Whatever objections might, therefore, have, been urged to any part of the. evidence, except the, deed, we must, alter the failure of Bawdry’s heirs to make them in the court below, presume that the objections were then either waived or removed by other proof, and should now, as was formerly done, proceed in reversing Hie decision of that court, upon the evidence not excluded, as if it were liable to no possible objection; and so proceeding, *409 the result must be what it was decided to be former opinion.
Crittenden and Wickliffe for McConnell 3 Haggin for Bawdry’s heirs.
The petition is, therefore, overruled.